UNITED STATES DISTRICT COURT
MIDDLE DISTRICT COURT OF FLORIDA
TAMPA DIVISION

JENNY HICKS, on behalf of C.O., a minor,

    Plaintiff,

v.                                                                          CASE NO.: 8:20-CV-639-TPB-SPF

THE MANATEE COUNTY SCHOOL BOARD,

    Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MANATEE COUNTY SCHOOL BOARD AND DEMAND FOR JURY TRIAL

Defendant, THE MANATEE COUNTY SCHOOL BOARD ("Board"), pursuant to Rules 8(b) and 12, *Federal Rules of Civil Procedure*, answers the numbered paragraphs of the Complaint [Doc. 1], filed on March 23, 2020 and served on March 31, 2020, and asserts affirmative defenses as follows:

### Jurisdiction, Parties, and Venue

1. The allegations of paragraph 1 are admitted for jurisdictional purposes only; the Board denies that Plaintiff has a viable claim under the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.*

2.    The allegations of paragraph 2 are admitted.

3.    The Board admits that C.O. is currently enrolled in the Manatee County School system; however, she is currently enrolled at Buffalo Creek Middle School, not G.D. Rogers Garden-Bollock Elementary School. The Board is without knowledge as to each and every one of C.O.'s specific medical diagnoses; therefore, the remaining allegations of paragraph 3 are denied.

4.    The Board admits that it is a governmental entity responsible for operation of public schools in Manatee County, Florida, in accordance with authority and responsibility conveyed by the Florida Constitution and Florida Statutes; the remaining allegations of paragraph 4 are denied.

5.    The Board denies that its actions are or have been in violation of the Americans with Disabilities Act or laws of the State of Florida, and denies that Plaintiff is entitled to relief.

6.    The allegations of paragraph 6 are admitted for jurisdictional purposes only.

7.    The allegations of paragraph 7 are admitted for jurisdictional purposes only.

8. The allegations of paragraph 8 are denied; specifically, Plaintiff has failed to comply with 28 C.F.R. § 35.170 by timely filing a complaint with the appropriate agency.

## General Allegations

9. It is admitted that Plaintiff represented to employees of the Board that C.O. had been prescribed Epidiolex; however, no physician's prescription for Epidiolex for C.O. was ever provided to the Board, therefore the remaining allegations of paragraph 9 are denied.

10. It is admitted that Epidiolex is derived from cannabidiol (CBD), a major compound found in cannabis. It is admitted that Epidiolex was approved by the United States Food and Drug Administration on June 25, 2018 and that at the time of approval was placed on Schedule I of the federal Controlled Substances Act. The remaining allegations of paragraph 10 are denied.

11. It is admitted that on November 1, 2018, pursuant to authority granted by Sections 893.035 and 893.0355, *Florida Statutes*, Florida Attorney General Pam Bondi issued an emergency rule placing "a drug product in finished dosage formulation that has been approved by the United States Food and Drug Administration that contains cannabidiol (2-

[1R-3-methyl-6R-(1-methylethenyl)-2-cyclohexen-1-yl]-5-pentyl-1,3-benzenediol) derived from cannabis and no more than 0.1 percent (w/w) residual tetrahydrocannabinols" on Schedule V within Section 893.03(5)(d), *Florida Statutes*, and that this rule had the effect of making Epidiolex a Schedule V drug under Florida law. The remaining allegations of paragraph 11 are denied.

12. It is admitted that during the 2019 Legislative Session, Section 893.03(5)(d), *Florida Statutes* was amended to include "a drug product in finished dosage formulation that has been approved by the United States Food and Drug Administration that contains cannabidiol (2-[1R-3-methyl-6R-(1-methylethenyl)-2-cyclohexen-1-yl]-5-pentyl-1,3-benzenediol) derived from cannabis and no more than 0.1 percent (w/w) residual tetrahydrocannabinols" as a Schedule V drug under Florida law. The remaining allegations of paragraph 12 are denied.

13. It is admitted that before the 2019-2020 school year, Plaintiff requested that school personnel administer Epidiolex to C.O. during school hours on an emergency basis in the event C.O. suffered a seizure at school. The Board offered, as a reasonable accommodation, that Plaintiff, or a designated caregiver, be granted access to the school, consistent with

applicable school board policies, to administer medication to C.O. when needed. The remaining allegations of paragraph 13 are denied.

14. The allegations of paragraph 14 are denied.

15. The Board is without knowledge as to arrangements between Plaintiff and her counsel; therefore, the allegations of paragraph 15 are denied.

## Count I – ADA 42 U.S.C. §12132

16. The Board realleges and incorporates by reference its responses to paragraphs 1-15, above.

17. The allegations of paragraph 17 are admitted for jurisdictional purposes only; the Board denies that Plaintiff has a valid or viable claim pursuant to the Americans with Disabilities Act.

18. The allegations of paragraph 18 are admitted.

19. The allegations of paragraph 19 are admitted.

20. The allegations of paragraph 20 are admitted.

21. The allegations of paragraph 21 are admitted.

22. The allegations of paragraph 22 are denied.

23. The allegations of paragraph 23 are denied.

24. The allegations of paragraph 24 are denied.

25. Any allegation not specifically admitted is denied.

26. The Board denies that Plaintiff is entitled to any of the relief requested in the Wherefore clause of the Complaint.

### Demand for Jury Trial

The Board demands a trial by jury of all issues so triable.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claim is barred because she fails to state a claim for relief under Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure.

### Second Affirmative Defense

Plaintiff's federal claim under the ADA is barred by the statute of limitations.

### Third Affirmative Defense

Plaintiff's claim is barred in whole or in part by constitutional and statutory governmental immunity including but not limited to official immunity, qualified immunity, discretionary immunity and statutory limitations on damages.

### Fourth Affirmative Defense

Plaintiff's federal claim under the ADA is barred by Plaintiff's failure to comply with 28 C.F.R. § 35.170 and to timely file a complaint with the appropriate agency.

### Fifth Affirmative Defense

Plaintiff's claim is barred or reducible to the extent that Plaintiff failed to mitigate damages.

### Sixth Affirmative Defense

Plaintiff's federal claim under the ADA is barred by Plaintiff's failure to exhaust administrative and agency remedies.

### Seventh Affirmative Defense

Plaintiff's claim for compensatory damages under the ADA is barred because the Board did not act in bad faith or otherwise intentionally discriminate against C.O. on the basis of any disability.

### Eighth Affirmative Defense

Plaintiff's federal claim under the ADA is barred because the requested accommodation would result in a fundamental alteration in the nature of a service, program, or activity provided by the Board.

### Ninth Affirmative Defense

Plaintiff's federal claim under the ADA is barred because the requested accommodation would result in undue financial and administrative burdens to the Board.

### Tenth Affirmative Defense

The Board is without information sufficient to form a belief as to the nature and extent of Plaintiff's injuries and damages and therefore denies Plaintiff's allegations in respect thereto and demands strict proof thereof.

### Eleventh Affirmative Defense

Plaintiff has failed to comply with Section 1006.062(1)(b) 1., *Florida Statutes* (2019) and School Board Policy 5330 by failing to provide an actual prescription for C.O.'s medication to the Board or by explaining the necessity for the medication to be provided during the school day.

### Twelfth Affirmative Defense

On information and belief, the prescribing instructions published by the manufacturer of the drug at issue may effectively be taken outside of school hours and is not properly used as a rescue medication. The Board is permitted under the Americans with Disabilities Act and its implementing regulations, to impose legitimate safety requirements necessary for the safe operation of its services, programs, or activities based on actual risks. The Board is not required to administer medication to any student in a manner contrary to that provided for by the manufacturer.

### Thirteenth Affirmative Defense

School District's offer to allow Plaintiff or a designee caregiver to come to the school to administer C.O.'s medication is a reasonable accommodation as a matter of law.

### Fourteenth Affirmative Defense

C.O. is not being treated differently on the basis of disability. Administration of C.O.'s medication is being addressed by the Board in a non-discriminatory manner in conformity with the manufacturer's

Case 8:20-cv-00639-TPB-SPF   Document 4   Filed 04/20/20   Page 10 of 11 PageID 38

prescribing information and with the Board's neutral, non-discriminatory policies in order to protect student health and minimize potential liability.

## Demand for Attorneys' Fees and Costs

The Board demands judgment in its favor, along with an award of its attorneys' fees and costs pursuant to 42 U.S.C. § 12205, 28 C.F.R. § 35.175, 29 U.S.C. § 794a (b)and applicable state and federal law.

Submitted this 20th day of April, 2020.

/s/ Holly A. Dincman



Holly A. Dincman (FBN: 0115614)
Trial Counsel
C. Todd Owen (FBN: 0112676)
hdincman@coppinsmonroe.com
towen@coppinsmonroe.com
jclark@coppinsmonroe.com
cmarchena@coppinsmonroe.com

COPPINS MONROE, P.A.
1319 Thomaswood Drive, Tallahassee, FL 32308
Office: 850-422-2420 | Fax: 850-422-2730
ATTORNEYS FOR DEFENDANT
MANATEE COUNTY SCHOOL BOARD

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b)(3) and N.D. Fla. Loc. R. 5.1, this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court.

*/s/ Holly A. Dincman*
Attorney